UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SOUTHERN TRUST INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) |
| v. | ) 3:12-CV-34 ) |
| DUSTIN A. MCNALLY, ANNA J. NORTHERN, THOMAS F. NORTHERN, SR., and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

**I.      Introduction**

This matter comes before the Court on Plaintiff, Southern Trust Insurance Company's ("Southern Trust"), Motion for Default Judgment against Anna J. Northern, Thomas F. Northern, Sr., and Dustin A. McNally [Docs. 8, 10, & 15] as well as the Defendant, State Farm Mutual Automobile Insurance Company's ("State Farm"), Motion to Stay Entry of Default Judgment [Doc. 17].

**II.     Jurisdiction**

The Court notes that it has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

1

**III.     Background**

This action arose from an automobile accident involving the Defendants Dustin A. McNally, Anna J. Northern, and Thomas F. Northern Sr. The Plaintiff, Southern Trust, an automobile insurance company, initiated the instant action against the Defendants attempting to clarify the Plaintiff's insurance obligations.[1] The policy holder in this case, Mr. Matthew A. Bumbalough, contracted with Southern Trust on June 14, 2011 to insure his 2001 Dodge Dakota truck.

On June 12, 2011, Mr. Bumbalough brought his automobile to the Defendant, Dustin A. McNally, for cleaning and detailing work. It is disputed whether Mr. Bumbalough then gave Mr. McNally instructions to drive the automobile to Mr. Bumbalough's house after the completion of his work. It is also disputed whether, and to what degree of frequency, Mr. McNally has driven vehicles owned by Mr. Bumbalough in the past.

On June 14, 2011, Mr. McNally informed Mr. Bumbalough that he had been involved in a motor vehicle accident while driving Mr. Bumbalough's car. The accident involved Mr. McNally as well the co-defendants Anna J. Northern and Thomas F. Northern.[2] Sometime after the incident, Anna Northern and Thomas Northern filed suit against Mr. McNally and Mr. Bumbalough for personal injuries allegedly brought about by the automobile accident. The instant action was initiated by Southern Trust who requests that the Court issue a declaratory judgment finding that Southern Trust does not have a duty to defend or indemnify Mr. McNally.

---

[1] Coincidentally, none of the defendants in this action have contracted with Southern Trust as their insurance provider.
[2] From the record, it is unclear whether Thomas F. Northern was in the vehicle with Ann J. Northern at the time of the accident.

**IV.	Default Judgment**

The Sixth Circuit has explained the procedures that the lower courts should follow when examining a motion for default judgment.

> Once a defendant fails to file a responsive answer, he is in *default*, and an entry of *default* may be made by either the clerk or the judge. A *default judgment* can be entered by the clerk only if a claim is liquidated or, if a claim is unliquidated, by the judge after a hearing on damages. A *default* can be set aside under rule 55(c) for "good cause shown," but a default that has become final as a *judgment* can be set aside only under the stricter rule 60(b) standards for setting aside final, appealable orders.

*Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) (internal quotation marks omitted). Subsequent cases have clarified that the stricter Rule 60(b) standard for setting aside a default judgment applies "once [the default] has ripened into a judgment," meaning "once the court has determined damages and a judgment has been entered." *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 352 (6th Cir. 2003) (internal quotation marks omitted); *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) ("[O]nce the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation.").

When the amount of damages is in dispute, only the Court may enter judgment, and then only after determining the amount of damages. There can be no 'judgment' without a determination of relief. *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335-36 (2d Cir. 1986) (stating that absent a determination on damages, the court's entry of default judgment "was in fact no more than another interlocutory entry of default," and determining that the defendant would have been entitled to move to set aside the default under Rule 55(c)). Thus, absent entry of a final default judgment, the more lenient Rule 55(c) standard governs a motion

to set aside a default or default judgment. *FDIC v. Francisco Inv. Corp.*, 873 F.2d 474, 478 (1st Cir. 1989).

### a. Anna J. Northern and Thomas F. Northern, Sr.

The initial complaint was filed with this Court on January 23, 2012. [Doc. 1.] The Summons and a copy of the Complaint were served on Defendant Anna J. Northern on January 24, 2012. [Doc. 5]. The Summons and a copy of the Complaint were served on Defendant Thomas F. Northern on January 24, 2012. [Doc. 4]. Though late, the Defendants filed an answer to the Complaint on March 12, 2012. [Doc. 11]. The Defendants Anna J. Northern and Thomas F. Northern answered that they are not necessary parties to this action and that the "….Court can fully litigate and determine the issues raised by the Plaintiff without these Defendants being parties to this action." *Id.*

The usual procedure of this Court, when faced with an entry of default, is to issue a "Show Cause Order" wherein the Court will give the defaulting parties a final opportunity to respond. As the Defendants have already responded, albeit untimely, the purpose behind an order to show cause has been achieved. As the Defendants Anna J. Northern and Thomas F. Northern have answered the Complaint, the Court finds that, pursuant to the Court's discretion under Rule 55, an entry of default against the Defendants would be improper in this case. Furthermore, the Plaintiff did not submit an Application to the clerk's office for an entry of default against the Defendants. Since the Defendants have not been ruled to be in default, the Plaintiff's Motion for Default Judgment is premature. Accordingly, the Plaintiff's Motion for Default Judgment against Anna J. Northern and Thomas F. Northern, Sr. [Docs. 8 & 10] is **DENIED.**

### a. Dustin A. McNally and The Defendant's Motion to Set Aside

The Summons and a copy of the Complaint were served on Defendant Dustin A. McNally on January 24, 2012. [Doc. 3]. Southern Trust filed a Motion for Default Judgment against Mr. McNally on March 9, 2012. [Doc. 9]. Southern Trust then filed an Application for Clerk's Default as to Dustin A. McNally [Doc. 13] which was accepted by the Clerk's Entry of Default as to Dustin A. McNally on March 26, 2012. [Doc. 14]. Southern Trust then filed a Second Motion for Default Judgment as to Dustin A. McNally on March 27, 2012. [Doc. 15].

On March 28, 2012, two days after the Clerk's Entry of Default [Doc. 14] as to Dustin A. McNally, State Farm filed a Motion to Stay the Entry of Default Judgment. [Doc. 17]. As mentioned above, once a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge. *Shepard Claims,* 796 F.2d at 194. A default can be set aside under Rule 55(c) for "good cause shown," but a default judgment can be set aside only under the stricter Rule 60(b) standards for setting aside final, appealable orders. *Id.*

At this stage, the Defendant, Mr. McNally, is presently in default, pursuant to the prior entry of that designation by the Clerk Office. [Doc. 14]. In the Defendant's Motion, The Defendant suggests that the Court postpone entry of default judgment against Mr. McNally for three reasons: 1) Mr. McNally is not represented by counsel; 2) the status of Southern Trust's contractual duties to defend/indemnify Mr. McNally impact the rights of the Defendant State Farm; and, 3) there is an underlying tort action in the Circuit Court for Jefferson County, Tennessee that will be impacted by this Court's determinations regarding contractual obligations. [Doc. 17].

The Plaintiff argues that Mr. McNally has indeed retained counsel and attaches, as an exhibit to the Plaintiff's Response in Opposition to the Defendant's Motion to Stay Entry of

Default Judgment, Mr. McNally's Answer to the Complaint against him filed in the Circuit Court for Jefferson County. [Doc. 18 Ex. 1]. The Plaintiff further argues that the Mr. McNally is not insured and, by his own admission, operated the vehicle of interest, owned by the insured, without the insured's express or implied permission. [Doc. 18].

For the purposes of the present issue, the Court will not consider whether or not Mr. McNally had the vehicle owner's express or implied permission to operate the vehicle, nor will the Court resolve whether Mr. McNally has retained counsel for all of the lawsuits to which he is a party. Put simply, Mr. McNally has not made an appearance, of any sort, in this action. Mr. McNally has been served, a summons has been returned as executed, and he has been on notice that an entry of default has been executed against his interests. In contrast, the Court agrees with the Defendant State Farm and understands that Mr. McNally's refusal to appear impacts the interests of more than just Mr. McNally himself.[3] Defendants State Farm, Anna J. Northern and Thomas F. Northern, Sr. are not in default; nevertheless, a decision by this Court to enter a judgment of default against Mr. McNally would unfairly prejudice the possible defenses, and present rights, of the remaining defendants.[4]

The federal courts prefer to adjudicate proceedings fairly, and on the merits, whenever possible; consequently, considering all of the above-mentioned factors, the Court finds that an entry of default judgment against Mr. McNally would not serve the interests of justice in this case. *See, Dassault Systems, SA v. Childress,* 663 F.3d 832, 841 (6th Cir. 2011) (discussing that "Because of our general preference for judgments on the merits….a glaring abuse of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default.")

---

[3] The standard of review for setting aside a default judgment under rule 60(b) is greater than the "good cause shown" standard of setting aside an entry of default pursuant to Rule 55(c).

[4] The Court is compelled to point out that more than an entire year has passed without any attempt to appear, explain or answer either the Court or the Plaintiff; absent the harm that such a determination would bring upon the remaining defendants, the Defendant, Mr. McNally, is a perfect candidate for default judgment.

(internal citations omitted); *See also, United Coin Meter Co. v. Seaboard C. Railroad,* 705 F.2d 839, 846 (6th Cir. Mich. 1983) (finding that, "Trials on the merits are favored in federal courts and a "glaring abuse" of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default) (citing *Keegel v. Key West & Caribbean Trading Co., Inc.,* 627 F.2d 372, (D.C. Cir. 1980)); *See also, Kimburg v. University of Scranton,* 411 Fed. Appx. 473, 479 (3rd Cir. 2010) (finding that "A Plaintiff does not suffer cognizable prejudice simply because he is forced to litigate issues raised in a late answer. Because we disfavor default judgments, doubts as to whether a defendant should be permitted to file an untimely answer should be resolved in favor of allowing a determination on the merits.); *See also, Gross v. Stereo Component Systems, Inc.,* 700 F.2d 120, 122 (3rd Cir. 1983) (writing that, "It is in the court's discretion to decide if entry of default is proper. A default is not favored and doubt should be resolved in favor of setting aside the default and reaching a decision on the merits.").

**V.        Conclusion**

For the aforementioned reasons, the Defendant's Motion to Stay the Entry of Default Judgment as to Dustin A. McNally [Doc. 17] is **GRANTED.** The Plaintiff's Motion for Default Judgment against Anna J. Northern and Thomas F. Northern, Sr. [Docs. 8 & 10] is **DENIED.** The Court will **WITHHOLD** entry of a default judgment against Mr. McNally pending the eventual resolution of the claims against all Defendants.

**IT IS SO ORDERED.**

                                                                **ENTER:**


                                                                    s/ Thomas W. Phillips_____
                                                                    United States District Judge