IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE


**CIVIL ACTION NO. 3:12cv034 (WOB-HBG)**

**SOUTHERN TRUST INS. CO.**                               **PLAINTIFF**

VS.             <u>**MEMORANDUM OPINION AND ORDER**</u>

**DUSTIN MCNALLY, ET AL.**                               **DEFENDANTS**


This is a declaratory judgment action brought to determine the parties' rights and obligations under an automobile insurance policy. The case is currently before the Court on plaintiff's motion for summary judgment (Doc. 21), which is opposed by defendant State Farm Mutual Automobile Insurance Company ("State Farm"). (Doc. 24).

The Court heard oral argument on this motion, via telephone, on Thursday, May 23, 2013, after which it took the motion under submission.

The Court now issues the following Memorandum and Opinion and Order.

### *Factual and Procedural Background*

Plaintiff, Southern Trust Insurance Company ("Southern Trust"), issued to Matthew A. Bumbalough ("Bumbalough") a Tennessee personal automobile insurance policy effective from January 10, 2011 to January 10, 2012. (Doc. 1, Exh. 1). The policy covered certain damages for which an

"insured" becomes legally liable because of an auto accident, defining "insured" not only as the named insured to whom the policy was issued but also as "Any person using 'your covered auto.'" (*Id.* at 9).

However, the policy excludes coverage for such damages where the insured is "[u]sing a vehicle without a reasonable belief that 'insured' is entitled to do so." (*Id.* at 10).

Bumbalough owned a 2001 Dodge Dakota pickup truck which was insured under this policy. On Sunday, June 12, 2011, Bumbalough drove the truck to the home of his friend, defendant Dustin McNally ("McNally"), so that McNally could clean and detail the vehicle, which he had done for Bumbalough on other occasions in the past. (Bumbalough EUO at 29). Bumbalough left the keys in the truck so that McNally could move it around the driveway to make way for McNally's parents' vehicles. (*Id.* at 32).

McNally had driven Bumbalough's truck before, but only when Bumbalough had given McNally express permission to do so. (Bumbalough Examination Under Oath ("EUO") at 20-21; McNally EUO at 20). On a few occasions, Bumbalough allowed McNally to pick up his truck and drive it the quarter mile to McNally's house for detailing. (Bumbalough EUO at 21).

2

However, in 2009 or 2010, McNally lost his driver's license. (McNally EUO at 10; McNally Depo. at 10). Bumbalough testified that he thereafter did not give McNally permission to drive his truck. (Bumbalough EUO at 19, 22, 25; Bumbalough Depo. at 9, 18). McNally testified, however, that Bumbalough once allowed him to borrow the truck to drive approximately a mile to pick up some vehicle parts. (McNally EUO at 19). Bumbalough told McNally to "be careful, and just bring it right back." (*Id.*).

McNally also testified that when Bumbalough dropped off the truck for detailing on June 12, Bumbalough told him to drop the truck off at Bumbalough's house when it was ready. (McNally Depo. at 20).

On the morning of June 14, 2011, McNally drove the truck approximately 40-50 miles from his home in Maryville, Tennessee to the next county to go to work. On the return journey, McNally rear-ended a car driven by Anna Northern ("Northern").

On December 28, 2011, Northern and her husband filed suit against McNally and Bumbalough in the Circuit Court for Jefferson County, Tennessee. (Doc. 22-2).

Southern Trust filed this declaratory judgment action on January 23, 2012. (Doc. 1). Defendant State Farm is

3

Northern's uninsured motorist insurance carrier.
(Complaint ¶ 14).

## *Analysis*

The Court of Appeals of Tennessee has set forth five factors a court must consider in determining the applicability of an automobile policy exclusion for persons operating a vehicle without a "reasonable belief" that they are entitled to do so:

> (1) whether the driver had express permission to use; (2) whether the use exceeded the permission; (3) whether any law entitled the driver to use; (4) whether the driver had any right of title or possession; and (5) whether there was some form of relationship between the driver and owner that would have caused the driver to believe that he was entitled to use the vehicle.

*Phillips v. Harding*, App. No. 89-307-II, 1990 WL 14020, at *2 (Tenn. Ct. App. Feb. 16, 1990) (citation omitted).

Further, the "reasonable belief" language requires a two-part finding. *Permanent Gen. Assurance Corp. v. Waters*, No. 01-A-01-9712-CV00720, 1998 WL 846696, at *2 (Tenn. Ct. App. Dec. 8, 1998). "The first finding is subjective: that the driver did in fact believe that he had the owner's permission. The second part is objective: that the belief was reasonable, based upon the evidence in the record." *Id.* (citation omitted).

4

Further, where a driver is given only limited permission to use a vehicle and the use in question exceeds the scope of that permission, coverage will be denied. *Moore v. Liberty Mut. Ins. Co.*, 246 S.W.2d 960, 961-62 (Tenn. 1952).[1]

Applying these authorities to the evidence, the Court concludes that no reasonable factfinder could conclude that McNally could have reasonably believed that he was entitled to use Bumbalough's truck in the manner that he did on the date of the accident in this matter.

First, it is undisputed that Bumbalough had never given McNally "blanket" permission to use the truck anytime he desired. (McNally EUO at 21-22).

Second, it is also undisputed that McNally did not have express permission to drive the truck in the manner he did on June 14, 2011. (McNally EUO at 15). While McNally's testimony in his deposition differs somewhat from his examination under oath, the discrepancy raises no issue of fact.[2]

---

[1] State Farm argues in its response that Tenn. Code Ann. § 55-10-311 creates prima facie evidence of McNally's permission to drive the vehicle in question. On its face, however, this statute applies only in "actions for injury to persons and/or property," which would not include this declaratory judgment action.

[2] The Court thus need not reach plaintiff's arguments regarding judicial estoppel.

5

As noted, in his examination under oath, McNally testified that he did not call Bumbalough that morning to let Bumbalough know that he wanted to drive the truck to work, and that "I guess I should have." (*Id.*). In his deposition, however, McNally testified that, on the morning of the day in question, he tried to call Bumbalough to ask permission to use the truck; he could not reach him because Bumbalough's phone was broken; and he thus texted Bumbalough's wife that "I was in the truck and to let Matt know," and she acknowledged his text. (McNally Depo. 36-37).

This deposition testimony, even if true, does not advance State Farm's position. First, since McNally was trying to reach Bumbalough to *ask* permission to use the truck, it demonstrates knowledge on his part that he did not, in fact, already have such permission. Second, the response by Bumbalough's wife does not equate to permission from Bumbalough for McNally to drive the truck in the manner that he did. Third, and perhaps most tellingly, McNally testified that "after [the text] is when the wreck happened," (McNally Depo. at 37), which indicates that this alleged attempt to contact Bumbalough occurred *after* McNally had already driven the 40-50 miles to his job and had left to return home.

6

McNally's testimony that Bumbalough once allowed McNally, after his license was suspended, to drive a mile to pick up some parts, and that Bumbalough instructed McNally to drop off the truck at Bumbalough's house after the detailing, also raises no triable issue. Even if given, such permission was obviously extremely limited; the two men lived a quarter mile from one another, and McNally testified that when Bumbalough allowed him to drive the truck to pick up parts, Bumbalough told him "be careful, and just bring it right back." (McNally EUO at 19).

Thus, McNally's testimony indicates that he did not have even a subjective belief that he had Bumbalough's permission to drive the truck the long distance to Jefferson County for a purpose solely his own. Even if he did, any such belief was not objectively reasonable given the suspension of his license and the fact that the journey on which he embarked far exceeded the scope of any permission given by Bumbalough for the use of the truck in the past. *See Moore*, 246 S.W.2d at 962 (holding that employee truck driver, who had limited permission to use employer's truck to move furniture after hours within Nashville, could not be found to have had permission to drive truck thirty miles away to a bar, after which he had an accident).

7

Therefore, the Court holds that the exclusion applies to preclude coverage for the claims in the underlying tort action.

Therefore, having reviewed this matter, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that plaintiff's motion for summary judgment (Doc. 21) be, and is hereby, **GRANTED**.  A separate judgment shall enter concurrently herewith.

This 18th day of June, 2013.



Signed By:
William O. Bertelsman
United States District Judge